UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Hotel, Restaurant and Bar Employees
Health and Welfare Fund, and Hotel,
Restaurant and Bar Employees
Pension Fund,

           Plaintiffs,

vs.                                                  REPORT AND RECOMMENDATION

C & S of Duluth, Inc., d/b/a Terry's
Place,

           Defendant.                  Civ. No. 05-0708 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for Entry of a Default Judgment and Order Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure. A Hearing on the Motion was conducted on September 8, 2005, at which time, the Plaintiffs appeared by Nicholas B. Schutz, Esq., and no appearance was made by, or on behalf of, the

Defendant.  For reasons which follow, we recommend that a Judgment of Default be entered against the Defendant.

## II.  Findings of Fact

1.  This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for potential liquidated damages, together with an award of interest, reasonable attorneys' fees, and the costs of this action.

2.  The Court has jurisdiction over this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), <u>Title 29 U.S.C. §§1132 and 1145</u>, under Section 301 of the Labor Management Relations Act, <u>Title 29 U.S.C. §185(a)</u>, and under Title 28 U.S.C. §1331.  As provided in Title 29 U.S.C. §1132(e)(2), venue is proper within this District.

3.  The Plaintiffs are fiduciaries of multi-employer Benefit Plans (the "Plans") as defined by Title 29 U.S.C. §§1002 (3) and (37).

4.  At all relevant times, the Defendant has been a party to the Collective Bargaining Agreement, which sets the terms and conditions of employment, including an obligation to make monetary contributions, for the benefit of its employees.

5. Pursuant to the provisions of the Collective Bargaining Agreement, the Defendant submits to the Plaintiffs monthly benefit calculation forms, and corresponding benefit contribution payments.

6. Pursuant to the provisions of the Collective Bargaining Agreement, the Defendant agreed to be bound by, and to make contributions on behalf of the covered employees, in conformity with the Agreement.

7. The Plaintiffs have complied with all conditions precedent, which would entitle them to the Defendant's performance under the Collective Bargaining Agreement.

8. In accordance with the provisions of the Collective Bargaining Agreement, the Plaintiffs are entitled to demand the production of all of the Defendant's payroll records, in order that any delinquent contributions to the Fund, that may be due and owing by the Defendant, can be determined by the Plaintiffs.

9. The Defendant has failed to submit to the Plaintiffs all of the pertinent benefit contribution forms for hours worked in February of 2005, up to the present.

10. The Defendant has failed to pay monthly contributions on behalf of its employees for hours worked in February of 2005, and in all subsequent months up to the present.

11. By the evidence that was adduced at the Hearing in this matter, the Court is unable to determine the extent to which the Defendant is delinquent in its contributions to the Fund.

12. Following the filing of this action, a Summons and Complaint were personally served upon the Defendant on April 18, 2005. Since that date, the Defendant has not answered or otherwise responded to the Complaint, nor has the Defendant made any appearance in this action.

13. A copy of the Plaintiffs' Notice of Motion and Motion, its Memorandum of Law in support of the Motion, its Proposed Order and Report and Recommendation, and an accompanying Affidavit, were served by mail upon the Defendant on July 7, 2005. The Defendant has not responded to the Motion and, as noted, the Defendant made no appearance at the time of the Hearing on the Motion.

14. The Defendant is in default, and it has made no showing that a Default Judgment should not be entered as prayed for by the Plaintiffs. The Defendant is not an infant, an incompetent person, nor is the Defendant presently in the military service. See, Rule 55(b)(2), Federal Rules of Civil Procedure.

III. Conclusions of Law

1.     The Court has jurisdiction over this action under Sections 502 and 515 of ERISA, Title 29 U.S.C. §§1132 and 1145, and under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331.

2.     The Court has personal jurisdiction over all of the parties to this action, and venue within this Division of the District of Minnesota is proper. Title 29 U.S.C. §1132(e)(2); Title 28 U.S.C. §103(5).

3.     The Defendant has failed to plead, or to otherwise defend, and that fact has been made to appear by evidence, including affidavits, as adduced at the time of the Hearing in this matter. As a result, the Plaintiffs are entitled to the entry of Judgment against the Defendant.

4.     The Plaintiffs have filed an Application for Entry of Default and, accordingly, the Court should direct the Clerk of Court to enter default against the Defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure. See, Henry v. Tri-Services, Inc., 33 F.3d 931, 932 (8th Cir. 1994)(acknowledging that District Court may order Clerk of Court to enter default).

5.     The Plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional

contributions from the Defendant, either by way of an Affidavit or Declaration, and Accounting, the testimony of an informed witness, or the deposition of an authorized representative of the Defendant. In the absence of such an evidentiary showing, we are unable to enter a Final Judgment in this matter.

6. Under Rule 55(b)(2), the Court is authorized to "conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a Default Judgment. Pursuant to this authority, the Court should direct the Defendant to submit to the Plaintiffs, forthwith, those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

7. If this Recommendation is adopted, after having an opportunity to audit the Defendant's books and records, the Plaintiffs should schedule an Evidentiary Hearing before this Court, at which time, they shall offer proof of the amount of the Final Judgment which should be entered on its behalf.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' Motion for Default Judgment [Docket No. 2] be granted.

2. That the Clerk of Court be directed to enter a Default Judgment against the Defendant C & S of Duluth, Inc., d/b/a Terry's Place, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

3. That, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Defendant be directed to submit to the Plaintiffs, forthwith, those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owed to the Plaintiffs under the terms of the Collective Bargaining Agreement.

4. That, if this Recommendation is adopted, and after having had an opportunity to audit the Defendant's books and records, the Plaintiffs should be

directed to schedule an Evidentiary Hearing by contacting the undersigned's scheduling clerk, Victoria L. Miller, 218-529-3520, at which time the Plaintiffs shall offer proof of the amount of the Final Judgment which should be entered on its behalf.

Dated: September 12, 2005         s/Raymond L. Erickson
                                                Raymond L. Erickson
                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 29, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 29, 2005**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.